IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

MICHAEL ABEAR,

                Defendant.

OPINION AND ORDER

07-C-0518-C
05-CR-0023-C-01

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Michael Abear has filed a motion for postconviction relief pursuant to 28 U.S.C. § 2255. Defendant was convicted on his plea of guilty to one count of possessing cocaine with the intent to distribute. He was sentenced on August 3, 2005 to imprisonment for a term of 140 months.

The threshold question is whether defendant's motion is timely. His appeal was decided on June 12, 2006. His appeal became final on September 10, 2006, because he did not petition for a writ of certiorari. He had one year from then in which to file a motion for postconviction relief. Clay v. United States, 537 U.S. 522, 529-30 (2003) (appeal becomes final 90 days after entry of appellate court's judgment).

1

Defendant put his motion in the designated "legal mailbox" at the Federal Correctional Institution in Duluth, Minnesota on September 11. (Under the "mailbox rule," his motion is considered filed as of the date it is put into the prison mailstream. <u>Houston v. Lack</u>, 487 U.S. 266 (1988).).  This was one year after his appeal had become final; therefore, the filing was timely

Defendant's only contention is that his retained counsel was ineffective in contesting the inclusion of 12.2 kilograms of cocaine when calculating defendant's offense level. Defendant thinks that his attorney should have called witnesses and presented the entire taped drug transaction at which defendant said that he had been dealing 18 ounces of cocaine a week for the past six months.  Had he done so, defendant believes, the court would have sentenced him for possession of approximately 1.5 kilograms of cocaine rather than 13.7 kilograms.

The United States Constitution guarantees persons facing felony convictions the assistance of a lawyer whose representation of the defendant  meets an objective standard of reasonableness.  It does not guarantee a favorable result.  A review of the record in this case shows that defendant's counsel performed at a level considerably above the minimum expected of defense counsel.  His inability to obtain a lower sentence for defendant does not imply ineffectiveness but simply reflects the realities of defendant's situation.

Defendant was arrested on state charges in December 2004, following an automobile

2

accident.  (The state charges were still pending at the time of sentencing in this case.)  Law
enforcement officers at the scene confiscated approximately 326 grams of cocaine, as well
as some marijuana.  On February 7, 2005, officers arranged for a controlled buy from
defendant.  An informant was able to purchase four ounces of cocaine from defendant.  At
the same time, he paid defendant $1350 for a previous sale of two ounces of cocaine to a
mutual acquaintance.  During the videotaped transaction, defendant told the informant that
he had sold approximately 18 ounces of cocaine each week for the preceding six months.

On February 15, the confidential informant purchased a kilogram of cocaine from
defendant, again in the course of a controlled buy.  Including the weekly 18-ounce sales, the
probation office calculated the weight of the cocaine sold or possessed by defendant as
13.737 kilograms of cocaine, near the top of the drug table for a level 32 offense.  The office
did not include the uncorroborated information from one Jonathon Anthony, who told law
enforcement officers in Sawyer County, Wisconsin that defendant had sold two ounces of
cocaine each week for more than seven months, from December 2003 through July 2004.
(The December *1993* date reported in the presentence  report appears to be a misprint.  In
its June 27, 2005 objections to the presentence report, the government wrote that the
"Anthony information covers seven months, or 28 weeks.").

After the presentence report was filed with the court, defendant's counsel filed a
comprehensive statement of objections to the conclusions reached in the report.  Counsel

3

focused on defendant's prior convictions, arguing that the probation office had assessed more criminal history points than were justified but he also challenged the inclusion of the cocaine sales that defendant had discussed during the first controlled buy.  Counsel maintained that on the tape of the transaction, defendant said only that he had sold "18 a week," without specifying whether the 18 referred to ounces or some other quantity.   He argued that the court could not rely on this vague statement, particularly when the historical and uncorroborated quantities were such a large proportion of the quantities taken into consideration in determining the offense level.  Counsel added that if defendant had said what the government and the probation office believed he had said, he was bragging and puffing to increase his sales, rather than giving an accurate statement of his prior sales, and that his statements were not supported by any evidence of a lavish lifestyle or significant assets.  Counsel sought and obtained transcripts of defendant's previous sentencings in an effort to show that he had entered pleas of guilty without representation by counsel and without understanding his right to have counsel to advise him.

Unfortunately for defendant, all of the efforts made by his attorney on his behalf fell short of showing either that his previous convictions were invalid or that he had trafficked in less than 13.7 kilograms of cocaine.  The transcripts of the state court sentencings showed that defendant had been afforded all of his rights before pleading guilty and his arguments about the unreliability of defendant's taped statements were unpersuasive.  Although

4

defendant's counsel referred to the remarks as puffery, that characterization was belied by the evidence that defendant was able to procure large amounts of cocaine reliably and promptly on both occasions when asked to do so by the informant and that he had been in possession of sizeable amounts of cocaine when he was involved in the December 2004 traffic accident.

Defendant says that his lawyer should have called the informant to testify at sentencing that defendant did not mean that he was selling 18 ounces a week.  He does not explain how the informant's understanding would be relevant and therefore admissible.  As for counsel's failure to call Jonathan Anthony to say that defendant was not selling 18 ounces a month between December 2003 and July 2004, it was unnecessary to do so because I did not include any of this cocaine in calculating the amount attributable to defendant.

Finally, defendant argues that his attorney failed to tell the court about defendant's employment record and his involvement in the care of his son.  Neither of these matters would have justified a sentence below the guidelines range but both would support a sentence at the bottom of the range, which is what defendant received.

In summary, defendant has not shown any deficiency in his attorney's representation of him.  Counsel was diligent in pursuing possible grounds for reducing defendant's sentencing guidelines range but he could not lift defendant out of the hole he had dug for himself.

5

ORDER

IT IS ORDERED that defendant Michael Abear's motion for postconviction relief pursuant to 28 U.S.C. § 2255 is DENIED because the record shows conclusively that defendant cannot succeed on his claim that he was denied his constitutional right to effective assistance of counsel.

Entered this 2d day of November, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge